# 22-16051

## IN THE UNITED STATES COURT OF APPEALS

## FOR THE NINTH CIRCUIT

_____

WILLIAM F. FORREST, WENDY SMITH, MICHELLE MARTINEZ, JODI MILLER, and KENNETH TURNER,

Plaintiffs and Appellants,

v.

KEITH SPIZZIRRI, MIRIAM SPIZZIRRI, KEN MARING, JANE DOE MARING, CYNTHIA MOORE, JOHN DOE MOORE, PAT DOE, JANE DOE I, JOHN DE LA CRUZ, JANE DOE DE LA CRUZ, INTELLIQUICK DELIVERY, INC., MAJIK LEASING, LLC, and MAJIK ENTERPRISES I, INC.,

Defendants and Appellees.

_____

Appeal From the United States District Court for the District of Arizona
G. Murray Snow, Chief Judge (Case No. 2:21-cv-01688)

_____

## APPELLEES' BRIEF

_____

BUCHALTER, A PROFESSIONAL CORPORATION
Laurent R. G. Badoux
Robert M. Dato
Paul A. Alarcón
15279 N. Scottsdale Road, Suite 400
Scottsdale, Arizona 85254
Telephone: (480) 383-1800
Facsimile: (480) 824-9400
Email: lbadoux@buchalter.com

Attorneys for Defendants and Appellees
KEITH SPIZZIRRI, et al.

# CORPORATE DISCLOSURE STATEMENT

Appellees Intelliquick Delivery, Inc., Majik Leasing, LLC, and Majik Enterprises I, Inc. have no parent corporations and no publicly held corporation owns 10% or more of these appellees' stock.


Date: November 18, 2022

BUCHALTER, A PROFESSIONAL CORPORATION
Laurent R. G. Badoux
Robert M. Dato
Paul A. Alarcón

By /s/ Laurent R. G. Badoux


Attorneys for Defendants and Appellees
KEITH SPIZZIRRI, et al.

# TABLE OF CONTENTS

**Page**

Introduction and Summary of Issues Presented     6

Jurisdictional Statement     6

Statement of Facts and Procedural History     7

Standard of Review     7

Summary of Argument     8

Argument     8

    I     Under Controlling Circuit Precedent, the District Court Had Discretion to Dismiss Appellants' Complaint.     8

    II     Appellants Have Suffered No Prejudice From the Dismissal.     10

Conclusion     11

Certificate of Compliance     12

# TABLE OF AUTHORITIES

**Cases**                                                                 **Page(s)**

*Atchison, Topeka & Santa Fe Ry. Co. v. Hercules Inc.*,
    146 F.3d 1071 (9th Cir. 1998)                                          10

*BladeRoom Grp. Ltd. v. Emerson Elec. Co.*,
    20 F.4th 1231 (9th Cir. 2021)                                          10

*Green Tree Fin. Corp.-Alabama v. Randolph*,
    531 U.S. 79 (2000)                                                      7

*John-Charles v. California*,
    646 F.3d 1243 (9th Cir. 2011)                                           9

*Johnmohammadi v. Bloomingdale's, Inc.*,
    755 F.3d 1072 (9th Cir. 2014)                                      7, 8, 9

*Kam-Ko etc. Trading Co. Ltd-Australasia v. Mayne Pharma (USA) Inc.*,
    560 F.3d 935 (9th Cir. 2009)                                            9

*Miller v. Gammie*,
    335 F.3d 889 (9th Cir. 2003)                                            9

*Nagrampa v. MailCoups, Inc.*,
    469 F.3d 1257 (9th Cir. 2006)                                           9

*Meyer v. Fifth Third Bank*,
    842 F. App'x 104 (9th Cir. 2021)                                        9

*Microsoft Corp. v. Motorola, Inc.*,
    696 F.3d 872 (9th Cir. 2012)                                            8

*Riner v. Crawford*,
    415 F.Supp.2d 1207 (D. Nev. 2006)                                      10

*Sparling v. Hoffman Constr. Co.*,
    864 F.2d 635 (9th Cir. 1988)                                            9

## TABLE OF AUTHORITIES (Cont.)

**Cases (cont.)**                                                      **Page(s)**

*United States v. Kimble*,
    107 F.3d 712 (9th Cir. 1997)                                            9

*Vo v. Choi*,
    49 F.4th 1167 (9th Cir. 2022)                                          10


**Statutes**

Title 9, United States Code, Section 3                                      8

Title 9, United States Code, Section 16(a)(3)                            6, 7

Title 28, United States Code, Section 1331                                  6

Title 28, United States Code, Section 2111                                 10

## INTRODUCTION AND SUMMARY OF ISSUES PRESENTED

Appellants entered into agreements with Intelliserve LLC to provide certain services, and subsequently filed this action alleging that they were misclassified as independent contractors. They asserted both federal and state law claims. The agreements contain arbitration provisions that the parties agree apply to all of these claims. However, the parties disagree as to whether the action should have been stayed or dismissed while the claims are arbitrated. Following controlling circuit precedent, the district court found that it had the discretion to dismiss the action without prejudice and chose to do so.

The sole issue that Appellants meaningfully address is whether a district court has discretion to dismiss a case when the court determines that all of the claims raised in the action are subject to arbitration. Because controlling circuit precedent establishes that a district court has such discretion, this Court should affirm the district court's order granting Appellees' motion to compel arbitration and dismissing Appellants' action.

## JURISDICTIONAL STATEMENT

The underlying action was within the original jurisdiction of the district court pursuant to Section 1331 of Title 28 of the United States Code. This Court has jurisdiction to review the district court's order granting Appellees' motion to compel arbitration and dismiss the underlying action pursuant to Section 16(a)(3) of Title 9

6

of the United States Code. *See Johnmohammadi v. Bloomingdale's, Inc.*, 755 F.3d 1072, 1074 (9th Cir. 2014) (citing *Green Tree Fin. Corp.-Alabama v. Randolph*, 531 U.S. 79, 89 (2000)).

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

Appellants each entered into an "Independent Contractor Owner/Operator Agreement" with Intelliserve LLC to provide transportation services as drivers. *See* ER-6-70. Each agreement contained an arbitration provision that broadly applied to any disputes between the parties. ER-15-17, 28-30, 41-43, 54-56, 67-69. Nevertheless, Appellants filed a hybrid class action in Arizona state court asserting claims under federal and state law, which Appellees then removed to federal court. *See* AOB at 1. Appellees moved to compel arbitration and dismiss the action, and Appellants conceded that their claims were subject to arbitration. *Id.*; ER-3. However, the parties disagreed as to whether the action should be stayed or dismissed. AOB at 1; ER-3. Following briefing, the district court entered an order granting the motion to compel arbitration and dismissing the action without prejudice, relying on *Johnmohammadi v. Bloomingdale's, Inc., supra*, 755 F.3d at 1074. The court also noted that Appellants could seek judicial review of any arbitration award. ER-3-5. This appeal followed.

## STANDARD OF REVIEW

Appellees agree that whether a district court may either stay an action or

dismiss it outright when the court determines that all of the claims raised in the action are subject to arbitration is a question of law subject to *de novo* review by this Court. *See* AOB at 5.[1]

## SUMMARY OF ARGUMENT

Circuit precedent forecloses Appellants' argument that the district court lacked the authority to dismiss the underlying action outright given that all of the claims raised are subject to arbitration. Regardless, any error in dismissing the action without prejudice was harmless.

## ARGUMENT

## I

## Under Controlling Circuit Precedent, the District Court

## Had Discretion to Dismiss Appellants' Complaint.

It is undisputed that Appellants' entire action was subject to arbitration. *See, e.g.*, AOB at 1, 4. Prior decisions of this Court have repeatedly held that, "notwithstanding the language of [9 U.S.C.] § 3, a district court may either stay the action or dismiss it outright when, as here, the court determines that all of the claims

---

[1] Where the law grants discretion to the district court, *how* the court exercises that discretion in a particular case is reviewed under the highly deferential abuse of discretion standard. *See Microsoft Corp. v. Motorola, Inc.*, 696 F.3d 872, 881 (9th Cir. 2012) ("Abuse-of-discretion review is highly deferential to the district court."). That Appellants do not invoke this deferential standard demonstrates that they are not arguing, in this appeal, that the district court abused its discretion in deciding to dismiss rather than to stay this action. *See* n.2, *post*.

raised in the action are subject to arbitration." *Johnmohammadi*, 755 F.3d at 1073-74 (citing *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 638 (9th Cir. 1988); *see also Kam-Ko Bio-Pharm Trading Co. Ltd-Australasia v. Mayne Pharma (USA) Inc.*, 560 F.3d 935, 940 (9th Cir. 2009) ("If the court finds that an arbitration clause is valid and enforceable, the court should stay or dismiss the action to allow the arbitration to proceed.") (citing *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1276-77 (9th Cir. 2006); *Meyer v. Fifth Third Bank*, 842 F. App'x 104, 106 (9th Cir. 2021) (finding the district court, in granting motion to compel arbitration, "appropriately exercised its discretion to dismiss the case.").

The above decisions are controlling precedent in the absence of intervening Supreme Court authority that is clearly irreconcilable. *Miller v. Gammie*, 335 F.3d 889, 899-900 (9th Cir. 2003) (en banc). There is no such intervening Supreme Court decision and Appellants do not contend otherwise.

Therefore, Appellants' argument that the district court lacked the discretion to dismiss the instant action when it granted Appellees' motion to compel arbitration is foreclosed by controlling circuit precedent.[2] Accordingly, the district court's order

---

[2] To the extent Appellants suggest that the district court abused its discretion in deciding to dismiss rather than to stay this action, they fail to coherently develop this argument in their Opening Brief and so have waived it. *See* AOB at 3; *John-Charles v. California*, 646 F.3d 1243, 1247 n.4 (9th Cir. 2011) (failure to develop argument on appeal waives the argument); *United States v. Kimble*, 107 F.3d 712, 715 n.2 (9th Cir. 1997) (argument that is not coherently developed in briefs on appeal is deemed abandoned). Regardless, Appellants' only argument appears to be that staying rather

granting the motion to compel and dismissing the action should be affirmed.

## II

### Appellants Have Suffered No Prejudice From the Dismissal.

The district court's order can be affirmed for the independent reason that any

error was harmless. *See BladeRoom Grp. Ltd. v. Emerson Elec. Co.*, 20 F.4th 1231,

1242 (9th Cir. 2021) ("[I]f the error is harmless, then we must affirm the judgment.")

(citing 28 U.S.C. § 2111).

Here, the only purported harm that Appellants point to arising from the district

court's dismissal is the alleged loss of "a forum in which they can seek to have the

arbitration award reviewed and entered." AOB at 13. As an initial matter, Appellants

---

than dismissing the action would promote administrative simplicity. AOB at 14. But dismissal of an action and removal of it from a district court's docket imposes less of an administrative burden on the court than requiring the court to keep a stayed action on its docket. *See, e.g.*, *Riner v. Crawford*, 415 F.Supp.2d 1207, 1209 n.1 (D. Nev. 2006) (discussing the "administrative burden of having many inactive files open on the Court's docket"). In any event, such administrative questions are committed to the sound discretion of the district court. *See, e.g.*, *Atchison, Topeka & Santa Fe Ry. Co. v. Hercules Inc.*, 146 F.3d 1071, 1074 (9th Cir. 1998). Here, the district court considered Appellants' arguments for why the nature of broader judicial review under the agreements and the possible need for future confirmation of any arbitration award favored a stay and explained that it found neither to be persuasive. ER-4. As the district court explained, parties to an arbitration agreement may not contract for broader judicial review under the FAA, and the FAA provides a procedure for seeking confirmation of any award issued even if the action is dismissed. *Id.* Accordingly, the district court's decision to dismiss rather than to stay the action was not arbitrary, fanciful, or unreasonable. *Vo v. Choi*, 49 F.4th 1167, 1171 (9th Cir. 2022) ("Discretion is abused when the judicial action is arbitrary, fanciful or unreasonable or where no reasonable person would take the view adopted by the trial court.") (cleaned up).

chose to file this action in state court, not in federal court; thus, the district court's

order does not deprive Appellants of their chosen forum. Regardless, subdivision (d)

of the arbitration provision in question permits the parties to seek enforcement or

review of an arbitration award. ER-16, 29, 42, 55, 68. Therefore, as the district court

correctly observed, dismissal of the action does not prevent Appellants from seeking

judicial enforcement or review of the arbitration award. *See* ER-4.

## CONCLUSION

For the foregoing reasons, this Court should affirm the district court's order

granting Appellees' motion to compel arbitration and dismissing Appellants' action.


Respectfully submitted,

BUCHALTER, A PROFESSIONAL CORPORATION
Laurent R. G. Badoux
Robert M. Dato
Paul A. Alarcón

Attorneys for Defendants and Appellees
KEITH SPIZZIRRI, et al.

11

## CERTIFICATE OF COMPLIANCE (Cir. Rule 32-1)

The undersigned, counsel for Defendants and Appellees, certifies that the text of this brief is double-spaced and printed using proportionately-spaced 14-point Times New Roman font type. The brief contains 1,413 words as determined by the word processing software used to create this document.

Date: November 18, 2022

BUCHALTER, A PROFESSIONAL CORPORATION
Laurent R. G. Badoux
Robert M. Dato
Paul A. Alarcón

By /s/ Laurent R. G. Badoux

Attorneys for Defendants and Appellees
KEITH SPIZZIRRI, et al.

## CERTIFICATE OF SERVICE

I certify that I electronically filed the foregoing Appellees' Brief. All participants in the case are registered CM/ECF users who will be served by the appellate CM/ECF system.

I declare under penalty of perjury under the laws of the United States of America that I am a member of the Bar of this Court making service, and this certificate is executed on November 18, 2022, at Irvine, California.


By: */s/ Robert M. Dato*
      ROBERT M. DATO